# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

In the Matter of the Search of

1) Motorola i855 Cellular Telephone
FCC: AZ489FT5844
Serial Number: 364VHJL3WQ

APPLICATION AND AFFIDAVIT

FOR SEARCH WARRANT

FILED
07 NOV 20 PM 3: 44

'07 MJ 2718

I, __John Mizusawa__, being duly sworn depose and say:

I am a __Special Agent with the United States Immigration and Customs Enforcement__, and have reason to believe that property or premises known as:

See Attachment A

in the Southern District of California there is now concealed a certain person or property, namely,

See Attachment B

which is:  Subject to seizure under Rule 41(b)(1) of the Federal Rules of Criminal Procedure because the property constitutes evidence of the commission of criminal offenses or instrumentalities used in committing criminal offenses. The criminal offenses at issue are violations of: (1) Title 21, United States Code, Section 952 and 960, importation of a controlled substance, and (2) Title 21, United States Code, Sections 841 (a)(1), Possession of a controlled substance with intent to distribute, (3) Title 21 United States Code Section 846, attempt and conspiracy.

The facts support a finding of Probable Cause are as follows:

See Affidavit of John Mizusawa

Continued on the attached sheet and made a part thereof.  X Yes  __ No

John Mizusawa
Special Agent, Immigration and Customs Enforcement
United States Department of Homeland Security

Sworn to before me, and subscribed in my presence
11/20/07   at   San Diego, California
Date             City and State

UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer

Signature of Judicial Officer

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

In the Matter of the Search of ) CASE NO. 07 MJ 2718
Motorola i855 Cellular Telephone )
FCC: AZ489FT5844 ) AFFIDAVIT IN SUPPORT OF
Serial Number: 364VHJL3WQ ) APPLICATION

I, John Mizusawa, being duly sworn, hereby depose and say:

I am a special agent (SA) with the Department of Homeland Security's U.S. Immigration and Customs Enforcement (ICE) having been so employed since October 21, 2002. I am currently assigned to the Resident Agent in Charge, San Ysidro Office. Prior to my current employment I served as a Customs Inspector for four years working at both the Honolulu Port of Entry in the State of Hawaii and the San Ysidro Port of Entry in the State of California. I graduated from Customs Basic Inspector School at the Federal Law Enforcement Training Center (FLETC) in December of 1998. As a Customs Inspector in San Ysidro, California I have conducted numerous searches on vehicles and discovered concealed narcotics. I am a graduate of the University of Hawaii where I received a Bachelor of Arts degree in Justice Administration. I am also a graduate of the FLETC Criminal Investigator's Training Program and the United States Customs Basic Enforcement School (CBES), in Glynco, Georgia. Since entering the field as an ICE S/A, I have conducted criminal investigations of, or relating to, narcotics smuggling. I have received specific training in the area of narcotics investigations, and I have training and experience in the methods used by narcotics traffickers to import and distribute drugs. I am presently assigned to Operation Alliance, a Border Drug Enforcement Task Force in San Ysidro, California, and my duties include investigating the illicit trafficking of controlled substances into the United States of America. I am cross-designated by the United States Drug Enforcement Administration to conduct narcotics investigations and enforce the provisions of the Federal Controlled Substance Act, pursuant to Title 21, United States Code.

This statement is made in support of an application for a search warrant to search the cellular telephone that is believed to contain evidence of violations of Title 21, United States Code, Sections 952 and 960, importation of a controlled substance, Title 21, United States Code, Sections 841 (a)(1), possession of a controlled substance with intent to distribute, and Title 21 United States Code Section

1 846, attempt and conspiracy.

2    This affidavit does not contain all of the information known to Agents regarding this
3 investigation, but rather, contains only those facts believed to be necessary to establish probable cause.

4    ITEM TO BE SEARCHED

5        The items to be searched are further described as follows:

6        a.    Item #1: Motorola i855 cellular telephone. This telephone is identified
7            by AZ489FT5844, serial number 364VHJL3WQ . The cellular telephone
8            is presently in the custody ICE Seized Property Specialist Jobert Mata.

9    ITEMS TO BE SEIZED

10    The items to be seized are evidence of violations of Title 21, United States Code, Sections 952
11 and 960, importation of a controlled substance, Title 21, United States Code, Sections 841 (a)(1),
12 possession of a controlled substance with intent to distribute, and Title 21 United States Code Section
13 846, attempt and conspiracy. I request to seize any and all electronically stored information found during
14 the search of the property listed in Attachment A, including telephone numbers of incoming and
15 outgoing calls stored in the call registry, telephone numbers and corresponding names to those numbers
16 in the cellular telephone's address book, any incoming and outgoing text messages related to controlled
17 substances or narcotics smuggling, and/or stored photographic images related to controlled substances or
18 narcotics smuggling, and telephone subscriber information.

19    PROBABLE CAUSE

20    Based upon my training and experience as a Special Agent, consultations with other Special
21 Agents and law enforcement officers experienced in drug trafficking investigations and all the facts and
22 opinions set forth in this affidavit, I know the following:

23        a.    Drug traffickers will use digital and cellular phones because they are mobile
24            they have instant access to phone calls and voice messages;
25        b.    Drug traffickers believe that cellular phones provide greater insulation and
26            protection against court ordered wiretaps and they believe in the inability of law
27            enforcement personnel to simultaneously track the originating and destination

28

1  phone numbers of calls placed to and from their digital and cellular phones.

2

3  Based upon my training and experience as a Customs Inspector and Special Agent I'm also aware

4  of the following additional facts. Drug Traffickers will utilize their children as a method to distract CBP

5  Officers to convey the appearance of a routine border crossing such as a family trip. Drug Traffickers

6  and other smugglers of merchandise will utilize their children to conceal contraband or illegal drugs into

7  the United States. These Drug Trafficking parents will also go to great lengths to conceal the activity of

8

9  drug smuggling and will utilize any and all covert activity at there disposal. In addition, due to the fact

10  that parents routinely purchase the wireless cellular phone plan for their children, these facts determine

11  that the child's cellular phone may potentially conceal evidence of drug trafficking.

12

13  On August 20, 2007, at approximately 7:53 PM., Miss Denise Michele ESTRADA

14  ["ESTRADA"] entered the United States from the Republic of Mexico at the San Ysidro Port of Entry,

15  San Ysidro California in a 1997 Dodge Ram Pickup Truck bearing U.S. California plates 7S87363.

16  During pre primary roving operations at lane 15, U.S. Customs and Border Protection (CBP)

17  Officer R. Sanchez came in contact with the vehicle and the driver. CBP Officer Sanchez identified the

18  driver, ESTRADA, utilizing her United States Passport. ESTRADA'S juvenile daughter was a

19

20  passenger in the vehicle. Officer R. Sanchez identified ESTRADA'S daughter utilizing her U.S. Birth

21  Certificate and School ID. CBP Officer Sanchez observed the juvenile passenger taking deep breaths

22  and avoiding eye contact.

23  CBP Officer Sanchez then received a negative customs declaration from the driver of the vehicle

24  ESTRADA. ESTRADA also claimed ownership of the vehicle which was verified by the State of

25

26  California registration certificate. CBP Officer Sanchez then received a second negative customs

27  declaration. CBP Officer Sanchez conducted an initial inspection of the vehicle and observed that the

28

1  bolts holding the bed, and the sending unit in the gas tank, were tampered with. Officer Sanchez then
2  determined that the gas tank tapped solid. Thereafter, Officer Sanchez requested that CBP Canine
3  Enforcement Officer G. Smithburg utilize his narcotics detector dog "Kurow" CF-99 to screen the
4  vehicle. "Kurow" alerted and responded to the driver's side truck bed area by the gas tank. ESTRADA
5
6  and her juvenile daughter were escorted to the security office for an immediate patdown. The vehicle
7  was taken to the vehicle lift at the north end of the secondary inspection area.
8      At the north end of the secondary inspection area, the vehicle was placed on a vehicle lift. The
9  sending unit was removed which revealed plastic wrapped packages secreted within the gas tank. CBP
10 Officer De Santiago removed a random package from the gas tank and cut the package open, which
11
12 revealed a pungent odor and white powdery substance. Thereafter, CBP officer De Santiago field-tested
13 that package utilizing the Duquenois-Levine Reagent test kit. This test indicated a positive reaction to
14 cocaine. CBP Officer De Santiago then probed 8 additional packages at random, which revealed a white
15 powdery substance. All 8 packages field-tested positive for cocaine. CBP Officer De Santiago removed
16
17 a total of 25 packages from the vehicle. CBP Officer De Santiago stated that the packages had a net
18 weight of 29.50 kilograms.
19     On August 20, 2007, at approximately 10:00 PM., U.S. Immigration and Customs Enforcement
20 (ICE) Special Agent (SA) J. Mizusawa, ICE SA C. Anderson, and ICE SA A. Sanchez contacted
21 ESTRADA, the driver of the vehicle. SA Mizusawa advised ESTRADA of her constitutional rights per
22
23 Miranda in the English language reading directly from a preprinted card and witnessed by SA Anderson.
24 ESTRADA stated that she understood her rights and invoked her right to remain silent. ICE SA
25 Mizusawa and ICE SA Anderson escorted ESTRADA to the interview room to collect biographical
26 information. Thereafter ICE SA Mizusawa advised ESTRADA a second time of her constitutional
27
28

1  rights per Miranda in the English language reading directly from a preprinted form. ESTRADA stated

2  that she understood her rights and invoked her right to an attorney. ICE SA Mizusawa requested

3  permission from ESTRADA to speak to her daughter at which point she declined permission. ICE SA

4  Mizusawa requested ESTRADA contact an adult custodian to pick up her juvenile daughter. Thereafter,

5

6  ESTRADA requested a phone number from her cell phone. ESTRADA stated that the i855 Motorola

7  cell phone belonged to her juvenile daughter. This i855 Motorola cellular phone was discovered in the

8  proximity of ESTRADA and her daughter. ICE SA Mizusawa showed ESTRADA the i855 Motorola

9  cell phone, and ESTRADA identified the i855 Motorola cell phone as belonging to her daughter.

10 ESTRADA requested a phone number of Mara Helena Montana the "godmother" of the juvenile stored

11

12 in ESTRADA's Cingular 8125 cell phone. ESTRADA was given an opportunity to speak with Mara

13 Montana via telephone to have Montana take custody of her juvenile daughter.

14      At approximately 11:35 PM in the Security Office, CBP Officer De Santiago observed and heard

15 ESTRADA whisper to her daughter "I am sorry". At approximately 11:50 PM ICE SA Sanchez

16

17 witnessed ESTRADA's juvenile daughter state something to the effect of, "Mom I forgive you for

18 whatever you did". Thereafter, ESTRADA's juvenile daughter was released to Mara Helena Montana

19 her Adult Custodian.

20 //

21 //

22 //

23

24 //

25 //

26 //

27

28

5

1  Based on the facts contained in this affidavit and my experience and training, I believe that there
2  is probable cause to believe that the two above mentioned cellular telephones contain evidence of
3  violations of Title 21, United States Code, Sections 952 and 960, importation of a controlled substance,
4  Title 21, United States Code, Sections 841 (a)(1), possession of a controlled substance with intent to
5  distribute, and Title 21 United States Code Section 846, attempt and conspiracy.
6
7
8
9  _____
10  JOHN MIZUSAWA
    SPECIAL AGENT, ICE
11
12
13  Sworn to and subscribed to before me
14  This 20th day of November 2007.
15  _____
    Judge's Name
16  UNITED STATES MAGISTRATE JUDGE
17
18
19
20
21
22
23
24
25
26
27
28